```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                        CHARLESTON
```

**TROY WILLIAMS,**

    **Movant,**

**v.**                                                **Case No. 2:09-cv-00472**
                                                     **Case No. 2:02-cr-00110-01**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

On April 29, 2009, Movant filed a document entitled "Hazel-Atlase Action to Vacate Judgment Obtained through Fraud Upon the Court.  Also a 60(b)(3) - False Imprisonment" (docket sheet document # 176).  By Standing Order, the motion was referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendation for disposition.

## PROCEDURAL HISTORY

Following a bench trial on November 5-6, 2002, Movant was convicted of one count of conspiracy to knowingly and intentionally distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846 and one count of aiding and abetting the knowing and intentional distribution of a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

The District Court found that Defendant qualified as a Career Offender under U.S.S.G. § 4B1.1(B) because he was over the age of eighteen at the time of the instant offense, and had two prior

felony convictions for controlled substance offenses. Movant was sentenced to a term of imprisonment of 210 months, to be followed by a three-year term of supervised release.

On December 15, 2003, the United States Court of Appeals for the Fourth Circuit affirmed Defendant's sentence, finding that the District Court had properly applied the Career Offender enhancement. United States v. Williams, No. 03-4188, 83 Fed. Appx. 514 (4th Cir., Dec. 15, 2003) (unpublished). (# 87).

Defendant did not file a petition for a writ of certiorari in the United States Supreme Court. Accordingly, his judgment became final on or about March 15, 2004.

Defendant filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (# 92) and Memorandum in Support thereof (# 93) on December 10, 2004. On January 6, 2006, the District Court denied Movant's section 2255 motion. The Fourth Circuit affirmed that judgment on August 29, 2006. United States v. Williams, No. 06-6226 (Aug. 29, 2006).

On February 8, 2008, Movant filed a Motion for Retroactive Application of Sentencing Guidelines re: Crack Cocaine Offenses under 18 U.S.C. § 3582. (# 146). That motion was denied by the District Court on July 14, 2008. (# 151). The Fourth Circuit affirmed the judgment of the District Court denying Movant's section 3582 motion on February 24, 2009. United States v. Williams, 312 Fed. Appx. 524 (Feb. 24, 2009). (# 173). Movant

then filed the instant motion on April 29, 2009. (# 176).

## ANALYSIS

Movant's present document asserts that he is entitled to relief from a judgment that was obtained through fraud upon the court. Specifically, Movant asserts that:

> The District Court as a unit, and Law Enforcement acted outside of the Constitution, in order to punish petitioner for what they believe, that petitioner had murdered a woman - AMANDA SNIDER. Her body was found February 21, 2002. Proof of this claims can be found in the Government's response to defense request Discovery, Pursuant to Rule 1.01(d) of the Local Rules of Criminal Procedure. Produced by KASEY WARNER, U.S. Attorney and SAMUEL D. MARSH - Ass. U.S. Attorney. By an officer of the Court: Each A.U.S.A. responsible for continuing what was clearly an unconstitutional conviction, Both Magistrate and Bench Trial Judge for Bias, Prejudice, Abuse of Authority, and Judicial Misconduct . . .

(# 176 at 1-2).

Movant's motion contains additional allegations that AUSA Marsh suborned perjury during Movant's criminal pre-trial and trial proceedings, and committed prosecutorial misconduct and perpetrated a fraud upon the court by the use of an unconstitutional arrest gained from the use of evidence obtained through a warrantless entry not justified by exigent circumstances. Movant further asserts that the District Court, as a unit, allowed the false statements and illegally obtained evidence to be used against him. Movant is attempting to have his *criminal* judgment vacated on account of this alleged misconduct. As the vehicles for his requested relief, Movant cites to the civil case of Hazel-Atlas

Glass Co. v. Hartford Empire Co., 322 U.S. 238, 64 S. Ct. 977, 99 L. Ed. 1250 (1944), which allowed for the equitable relief of setting aside a civil judgment after a finding that a fraud had been perpetrated on the court, and Rule 60(b)(3) of the Federal Rules of Civil Procedure.

> Movant's motion further states:
>
> I do not have any doubts that my proposed allegations satisfy the requirements essential to an independent action [under the Hazel-Atlas line of cases] to obtain relief from a prior judgment on the grounds that it was fraudulently obtained. I do allege that that District Court, the U.S. Attorneys, and both trial counsel and Appellee counsel all worked one with the other, in order to achieve their goal of preventing the petitioner from being Protected by the Constitution, or the Due-Process of Law.
>
> By use of illegally obtained evidence (4th Amendment Viol. ill. entry), then that same inadmissible evidence was used by U.S. Att. Mr. Marsh to gain an indictment. With the cooperation of Magistrate Judge Stanley, who "Rubber Stamped" the Indictment. And worst of all - Chief Judge Goodwin, who promised that I would receive a fair trial, and would not be found guilty unless by evidence presented by the prosecution . . . Burke v. United States, 2005 U.S. Dist. Lexis 25908.
>
> Magistrate Stanley , also by and through the aid of Trial Judge Goodwin, and the U.S. Attorneys out of W. Va. worked the system, in order to deny petitioner the relief he requested in the § 2255 filed Pro-Se.

(# 176 at 9).

The Hazel-Atlas decision and Rule 60(b)(3) are clearly inapposite to the instant case. The undersigned will first address the propriety of a Rule 60(b) motion in the context of decisions surrounding a prisoner's motion to vacate his criminal judgment.

As noted above, Movant has already had one round of collateral review of his criminal judgment, which was unsuccessful, and he is barred from bringing a second or successive motion for collateral review without obtaining prior authorization from the Court of Appeals. 28 U.S.C. § 2255.

The United States Court of Appeals for the Fourth Circuit has recently ruled that "district courts *must* treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" <u>United States v. Winestock</u>, 340 F.3d 200, 206 (4th Cir. 2003). The Court suggested "a relatively straightforward guide" for determining whether a Rule 60(b) motion is actually an attempted successive collateral review application: "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider." <u>Id.</u> at 207.

Furthermore, in <u>Gonzalez v. Sec'y for Dep't of Corr.</u>, 366 F.3d 1253, 1284 (11th Cir. 2004)(en banc), the United States Court of Appeals for the Eleventh Circuit made clear that "the fraud exception [of Rule 60(b)(3)] . . . applies when the fraud is perpetrated on the federal [habeas] court and resulted in the

5

denial of federal habeas relief, not where the fraud was perpetrated on a [trial] court."

In the instant matter, Movant is directly attacking conduct that occurred in his criminal proceedings, and is essentially seeking to re-litigate his conviction and sentence.  He is not challenging any procedural defect in the collateral proceeding.  However, based upon his citation to Rule 60(b)(3) and the <u>Hazel-Atlas</u> decision, Movant appears to be arguing that his present claims are an exception to the bar on successive applications for collateral review, asserting that his judgment was obtained through a fraud upon the court.  Movant is required to show fraud or misconduct by clear and convincing evidence.  <u>See</u>, e.g., <u>Greiner v. City of Champlin</u>, 152 F.3d 787, 789 (8th Cir. 1998)("To prevail under Rule 60(b)(3), the movant must show by clear and convincing evidence that his opponent engaged in a fraud or misrepresentation that prevented the movant from fully and fairly presenting his case.")

Movant appears to be asserting that the prosecuting attorney's alleged misconduct concerning the admission of allegedly illegally obtained evidence, and the testimony of witnesses that increased the drug amounts attributed to Movant, is the "fraud upon the court" and that the judicial officers' failure to correct these inaccuracies was "equivalent to conspiring in that falsity . . ." (# 176 at 12).

Movant's motion spends several pages discussing issues surrounding the calculation of his drug quantity. Nevertheless, Movant was found to be a Career Offender, a finding that was upheld on appeal. Thus, the drug amount attributable to Movant was not actually used in the ultimate determination of his sentence. Accordingly, Movant's current arguments are irrelevant. Moreover, Movant has essentially re-framed the claims made in his section 2255 motion as "fraud" claims, which is insufficient to overcome the gate-keeping requirements of section 2255 prohibiting successive litigation.

Pursuant to the holding in United States v. Winestock, the undersigned proposes that the presiding District Judge **FIND** that Movant's motion must be construed as a successive application for collateral review. The undersigned further proposes that the presiding District Judge **FIND** that Movant has not been authorized to file a second or successive section 2255 motion by the Fourth Circuit. The undersigned further proposes that the presiding District Judge **FIND** that Defendant's claims are not proper for consideration under Rule 60(b), and specifically **FIND** that Movant has not sufficiently demonstrated that a fraud was perpetrated on the habeas court, or that Movant has suffered any prejudice that would warrant the extraordinary remedy of setting aside his civil judgment under Rule 60(b)(3) or Hazel-Atlas Glass v. Hartford Empire Co., 322 U.S. 238, 64 S. Ct. 977, 99 L. Ed. 1250 (1944).

For these reasons, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Defendant's "Hazel Atlase Action to Vacate Judgment Obtained Through Fraud Upon the Court. Also 60(b)(3) – False Imprisonment" (# 176) and **DISMISS** this action from the court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have ten days (filing of objections), and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the district court and a waiver of appellate review by the circuit court of appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.

1984). Copies of such objections shall be served on Chief Judge Goodwin and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Movant, Troy M. Williams, and counsel of record.

    September 22, 2009                *Mary E. Stanley*
                                             Mary E. Stanley
                                             United States Magistrate Judge